**466**

## In the Matter of Albert T. WILLARDO, M.D.

No. 883S306.

Supreme Court of Indiana.

June 5, 1986.

Vladimir Gastevich, Crown Point, for respondent.

Gregory M. Fudge, Staff Atty., Indianapolis, for Supreme Court Disciplinary Comn.

PER CURIAM.

This matter is before this Court on a Verified Complaint for Disciplinary Action charging the Respondent with engaging in illegal conduct involving moral turpitude, thereby violating Disciplinary Rules 1–102(A)(3), (4) and (6) of the *Code of Professional Responsibility for Attorneys at Law.* The Hearing Officer appointed pursuant to Admission and Discipline 23 has held a hearing and has submitted his findings and conclusions; they have not been challenged by either party.

Upon review of said findings and record of the evidence, we now find that the Hearing Officer's findings should be adopted. Accordingly, we find that the Respondent, Albert T. Willardo, was admitted to the practice of law in Indiana on June 4, 1982. The Respondent has been a practicing physician for more than twenty years but has not practiced law since his admission in 1982. He was elected Coroner of Lake County, Indiana, in November, 1976, but did not assume the duties of a Coroner until January 1, 1978. For several years before becoming Coroner, he served as Deputy Coroner of Lake County.

On September, 1982, the Respondent was indicted by the Lake County Grand Jury for Theft, a Class D Felony. The Respondent pled not guilty, was tried by a jury and, on February 9, 1983, was found guilty of Theft, a Class D Felony. On March 3, 1983, the trial court entered judgment against the Respondent finding him guilty of a Class A Misdemeanor pursuant to the provisions of I.C. 35–50–2–7. The Respondent was sentenced to one year, which was suspended, to probation for one year, restitution, and was further required to resign as Coroner.

The indictment and conviction stemmed from Respondent's diversion of county funds into his campaign account. The Respondent had directed his former office manager and chief deputy to falsify and file mileage claims, some signed by the Respondent himself, the funds from which were eventually funneled into Respondent's campaign account.

The Respondent took an appeal to the Indiana Court of Appeals which affirmed the judgment of the trial court. A petition for rehearing and a petition to transfer to this Court were subsequently denied.

From these findings we conclude that the Respondent committed the illegal acts as charged. We, thus, conclude that the Respondent engaged in illegal conduct involving moral turpitude, in violation of Disciplinary Rule 1–102(A)(3). Such conduct in-

volves dishonesty, fraud, and deceit and adversely reflects on Respondent's fitness to practice law, all in violation of Disciplinary Rules 1–102(A)(4) and (6) of the *Code of Professional Responsibility for Attorneys at Law.*

Upon concluding that the Respondent has violated the *Code of Professional Responsibility for Attorneys at Law,* we must determine the appropriate sanction. The findings reveal that the Respondent, while serving as a public official, through deceptive means, siphoned public funds for personal, political purposes. As an attorney, one is often placed in position of trust regarding client's funds, property and interests. The blatant disregard for the laws of this State, the lack of integrity and the breach of the public trust exhibited by the Respondent's conduct convince us that he is not qualified to retain the privilege to practice law in this state. We, therefore, conclude that the Respondent be and he hereby is disbarred.

Costs of this proceeding are assessed against the Respondent.