**In the Matter of Harold E. BEAN, Jr.**

**No. 94S00–8805–JD–486.**

Supreme Court of Indiana.

Oct. 19, 1988.

Harold E. Bean, Jr., Judge Pro Tem., Beech Grove, pro se.

Meg W. Babcock, Staff Atty., Indianapolis, for Indiana Com'n on Judicial Qualifications.

PER CURIAM.

The Indiana Commission on Judicial Qualifications (Commission) and the Respondent the Honorable Harold E. Bean, have entered into and now tender for this Court's approval, a Conditional Agreement for Discipline. The agreement emanates from a "Notice of the Institution of Formal Proceedings—Statement of Charges" under the authority of Admission and Discipline Rule 25 and pursuant to I.C. 33–2.1–6–10.

On May 18, 1988, charges were filed by the Commission alleging that Respondent engaged in conduct which demonstrated willful misconduct in office, willful failure to perform his duties, and conduct prejudicial to the administration of justice that brings the judicial office into disrepute. See I.C. 33–2.1–6–4.

The facts in the present case have been stipulated as follows:

1. That at all material times hereto, the Respondent was duly acting as Judge *Pro Tempore* in the Marion Municipal Court, Room 15, State of Indiana.

2. That on or about September 17, 1987, Respondent presided over and concluded the court's calendar. Cause No. 87–206, *State v. Glenn Allen,* was not on the calendar.

3. That after completion of the scheduled matters, Mr. John Forbes, counsel for Glenn Allen, requested from Respondent an Order from the court to the State of Indiana in Cause No. 87–206, *State v. Allen,* to return to Glenn Allen currency in the amount of approximately ten thousand dollars ($10,-000), previously seized from the defendant.

4. That the court's file reflected that the property had previously been suppressed as evidence.

5. That the court's file reflected that a "Petition for Return of the Property" had previously been withdrawn.

6. That said property was on September 24, 1987, the subject of a forfeiture action pending in another court.

7. That Respondent signed the proposed Order as Judge *Pro Tem* in Cause No. 87–206, *State v. Allen.*

8. That the State of Indiana was not represented at any stage of the communication between Respondent and Mr. Forbes, nor was it notified in any way or accorded any right to be heard on the issue of the return of the property.

The parties first agree that Respondent's conduct constituted an improper *ex parte* communication and a failure to accord ev-

ery legally interested party a full right to be heard in violation of Canon 3 of the Code of Judicial Conduct. Second, the parties further agree that Respondent's conduct constituted wilful misconduct in office, wilful failure to perform his duties, and conduct prejudicial to the administration of justice that brings the judicial office into disrepute, all being grounds for discipline under I.C. 33–2.1–6–4.

From the above agreed and undisputed facts, we find that the Respondent engaged in the charged misconduct. We find Respondent's *ex parte* communication in violation of Canon 3 of the Code of Judicial Conduct constituted wilful misconduct in office, wilful failure to perform his duties and conduct prejudicial to the administration of justice that brought the judicial office into disrepute.

In light of the foregoing considerations and the findings of fact, this Court concludes that the agreed discipline, a public reprimand, is appropriate.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that the Conditional Agreement for Discipline entered into by the parties is hereby approved, and accordingly the Respondent, the Honorable Harold E. Bean, Jr., is hereby PUBLICLY REPRIMANDED and ADMONISHED for the conduct found herein. This discipline terminates and forecloses all disciplinary proceedings relating to the circumstances giving rise to this cause.

Costs of this proceeding are assessed against Respondent.