**In the Matter of Dale J. STARKES.**

**No. 66S00–0002–DI–120.**

Supreme Court of Indiana.

Oct. 17, 2001.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below:

**Facts:** The verified complaint for disciplinary action underlying this matter contains seven counts. Pursuant to those charges, the respondent now admits that he failed adequately to communicate with clients about his attorney fees, exacted unreasonable attorney fees from clients, failed promptly to deliver to third parties funds belonging to those third parties, failed to provide clients with accountings of

property he held on their behalves, and failed to keep funds adequate to cover client and third party obligations in his attorney trust account. He loaned money to clients, with repayment contingent on their pending litigation. He also failed to designate his attorney trust account as subject to overdraft reporting rules.

**Violations:** The respondent violated Ind. Professional Conduct Rule 1.5(a), which provides that a lawyer's fee shall be reasonable, and Prof.Cond.R. 1.5(c), which provides that contingency fee agreements shall be in writing. He violated Prof. Cond.R. 1.8(e), which provides that a lawyer shall not provide financial assistance to a client in connection with a pending or contemplated litigation, except under certain circumstances not present in this matter. He violated Prof.Cond.R. 1.15(b), which provides that upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person, promptly deliver to them any funds or other property they are entitled to receive, and render to them a full accounting. He violated Prof.Cond.R. 8.4(c) by engaging in conduct involving dishonesty, fraud, deceit, and misrepresentation, and Prof.Cond.R. 8.4(b) by committing the criminal act of conversion.

**Discipline:** This Court approves the agreed discipline and ORDERS that the respondent be suspended from the practice of law for a period of not fewer than eighteen (18) months, beginning November 28, 2001, at the conclusion of which he may petition this Court for reinstatement.

Costs of this proceeding are assessed against the respondent.

All Justices concur.