RESPONDENT PRO SE
Thomas R. Philpot
St. John, Indiana

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Secretary
David B. Hughes, Staff Attorney
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 45S00-1304-DI-224

IN THE MATTER OF:

THOMAS R. PHILPOT,

*Respondent.*

Attorney Discipline Action

**May 19, 2015**



**Per Curiam.**

We find that Respondent, Thomas Philpot, engaged in attorney misconduct.  For this misconduct, we conclude that Respondent should be suspended from the practice of law in this state for at least four years without automatic reinstatement.

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline.  The Respondent's 2001 admission to this state's bar subjects him to this Court's disciplinary jurisdiction.  *See* IND. CONST. art. 7, § 4.  The Court approves the agreement and proposed discipline.

## Stipulated Facts

In September 2011, Respondent was charged in the United States District Court for the Northern District of Indiana with three counts of mail fraud and two counts of theft from a federally-funded program, all felonies. In August 2012, Respondent was convicted by a jury on all counts. After post-trial proceedings, Respondent was adjudicated guilty on the jury's verdicts as to two counts of mail fraud and one count of theft. Respondent's convictions were affirmed on appeal. U.S. v. Philpot, 733 F.3d 734 (7th Cir. 2013), *reh'g and reh'g en banc denied*. Respondent's convictions resulted from his use of federal funds to pay himself impermissible bonuses in connection with work he performed in his capacity as the elected Clerk of Lake County, Indiana.

Respondent has been under an order of interim suspension in this matter since June 15, 2013. *See* Matter of Philpot, 988 N.E.2d 263 (Ind. 2013).

The parties agree that by committing criminal acts that reflect adversely on his honesty, trustworthiness, or fitness as a lawyer, Respondent violated Indiana Professional Conduct Rule 8.4(b).

The parties cite no facts in aggravation. The Court, however, finds in aggravation that Respondent was an elected official who betrayed the public trust and violated both his oath of office and the oath of attorneys. The parties cite the following facts in mitigation: (1) Respondent's lack of prior discipline; (2) Respondent's cooperation with the Commission's investigation and prompt reporting of criminal charges against him; and (3) Respondent's repayment with interest of the monies in question prior to the filing of criminal charges against him.

## Discussion and Discipline

Our analysis of appropriate discipline entails consideration of the nature of the misconduct, the duties violated by the respondent, any resulting or potential harm, the

respondent's state of mind, our duty to preserve the integrity of the profession, the risk to the public should we allow the respondent to continue in practice, and matters in mitigation and aggravation. *See* Matter of Newman, 958 N.E.2d 792, 800 (Ind. 2011).

In the current case, Respondent and the Commission propose that Respondent receive a suspension from the practice of law for a period of at least four years, without automatic reinstatement, effective on the date the conditional agreement is accepted. Concluding that this is appropriate discipline under the circumstances, the Court approves the proposed discipline.

## Conclusion

The Court concludes that Respondent violated the Indiana Rules of Professional Conduct by committing crimes that reflect adversely on his honesty, trustworthiness, and fitness as a lawyer. For Respondent's professional misconduct, the Court suspends Respondent from the practice of law in this state for a period of not less than four years, without automatic reinstatement, beginning on the date of this opinion. At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays all applicable fees and costs, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4) and (18). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

All Justices concur except Rush, C.J., and Dickson, J., who dissent, believing Respondent should be disbarred.

3