ATTORNEY FOR THE RESPONDENT
John Uskert
Fishers, Indiana

ATTORNEY FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Secretary
Indianapolis, Indiana

FILED
Jun 28 2016, 9:31 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# In the
# Indiana Supreme Court

No. 49S00-1203-DI-156

IN THE MATTER OF:

CHARLES P. WHITE,

*Respondent.*

Attorney Discipline Action

**June 28, 2016**

**Per Curiam.**

We find that Respondent, Charles P. White, engaged in attorney misconduct. For this misconduct, we conclude that Respondent should be suspended from the practice of law in this state for at least two years without automatic reinstatement.

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline. The Respondent's 1995 admission to this state's bar subjects him to this Court's disciplinary jurisdiction. *See* IND. CONST. art. 7, § 4. The Court approves the agreement and proposed discipline.

## Stipulated Facts

The facts underlying this disciplinary action are set forth in considerable detail in <u>White v. State</u>, 25 N.E.3d 107 (Ind. Ct. App. 2014), *trans. denied*, *cert. denied*, and we summarize them only briefly here. In March 2011, Respondent was charged in Hamilton Superior Court with seven felony counts. Respondent was convicted by a jury of six of those counts. When Respondent appealed those convictions and the denial of post-conviction relief, the Court of Appeals reversed Respondent's convictions on three counts and affirmed his convictions on the remaining counts. <u>Id.</u> Respondent's state appellate remedies now have been exhausted, and he stands convicted of three class D felonies: perjury, voting outside a precinct of residence, and theft.

Respondent has been under an order of interim suspension in this case since April 25, 2012. *See* <u>Matter of White</u>, 969 N.E.2d 588 (Ind. 2012). On Respondent's motion, we stayed this matter pending resolution of his direct appeal and post-conviction proceedings. With those proceedings now concluded, the parties have tendered a conditional agreement stipulating that Respondent has violated Indiana Professional Conduct Rules 8.4(b) (by committing criminal acts that reflect adversely on his honesty, trustworthiness, or fitness as a lawyer) and 8.4(c) (by engaging in conduct involving dishonesty, fraud, deceit or misrepresentation).

The parties cite Respondent's illegal conduct and dishonest or selfish motives as facts in aggravation. In mitigation, the parties cite Respondent's lack of prior discipline and the fact he voluntarily repaid amounts that were the subject of his theft conviction as well as other costs associated with his resignation from the Fishers Town Council.

## Discussion and Discipline

Our analysis of appropriate discipline entails consideration of the nature of the misconduct, the duties violated by the respondent, any resulting or potential harm, the respondent's state of mind, our duty to preserve the integrity of the profession, the risk to the

public should we allow the respondent to continue in practice, and matters in mitigation and aggravation. *See* Matter of Newman, 958 N.E.2d 792, 800 (Ind. 2011).

It should go without saying that we hold a particularly dim view of attorney misconduct involving dishonesty, theft, or similar criminal conduct by public officials. Such misconduct "strikes at the very heart of public trust in our institutions of government and the legal profession," Matter of Gutman, 599 N.E.2d 604, 609 (Ind. 1992), and generally has been met with severe sanction from this Court. *See* Matter of Riddle, 700 N.E.2d 788 (Ind. 1998) (disbarring a prosecutor who committed ghost employment); Matter of Philpot, 31 N.E.3d 468 (Ind. 2015) (suspending for at least four years without automatic reinstatement an elected county clerk convicted of theft and mail fraud).

In the current case, Respondent and the Commission propose that Respondent receive a suspension from the practice of law for a period of at least two years, without automatic reinstatement. Viewed by itself, this would be at the low end of the discipline we have imposed in similar cases. We note, however, that Respondent already has been under interim suspension in this matter for over four years, and in conjunction with the parties' proposed final discipline Respondent will have served over six years of suspension before he becomes eligible to petition for reinstatement. Moreover, a petition for reinstatement would be granted only if he is able to prove by clear and convincing evidence his fitness to resume the practice of law, a burden that likely will be particularly steep given the seriousness of Respondent's misconduct. *See* Gutman, 599 N.E.2d at 608. With these considerations in mind, the Court approves and orders the agreed discipline.

## Conclusion

The Court concludes that by virtue of his felony convictions for perjury, voting outside a precinct of residence, and theft, Respondent has violated Indiana Professional Conduct Rules 8.4(b) and 8.4(c). Respondent already is under an order of interim suspension in this case and a separate suspension order for continuing legal education noncompliance. For Respondent's professional misconduct, the Court suspends Respondent from the practice of law in this state for

a period of not less than two years, without automatic reinstatement, beginning on the date of this opinion. At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays all applicable fees and costs, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4) and (18). The costs of this proceeding are assessed against Respondent.

All Justices concur except Massa, J., who did not participate.