RESPONDENT PRO SE
Harold E. Bean
Indianapolis, Indiana

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Secretary
Angie Ordway, Staff Attorney
Indianapolis, Indiana

FILED

Sep 01 2016, 10:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# In the
# Indiana Supreme Court

No. 49S00-1601-DI-2

IN THE MATTER OF:

HAROLD E. BEAN,

*Respondent.*

Attorney Discipline Action
Hearing Officer Paul Felix

**September 1, 2016**

**Per Curiam.**

We find that Respondent, Harold E. Bean, engaged in attorney misconduct. For this misconduct, we conclude that Respondent should be disbarred.

This matter is before the Court on the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action." Respondent's 1974 admission to this state's bar subjects him to this Court's disciplinary jurisdiction. *See* IND. CONST. art. 7, § 4.

## Procedural Background and Facts

Respondent was the elected Clerk-Treasurer of the Town of Warren Park. Over the span of several months in 2014, Respondent stole $20,800 from the Town by writing dozens of checks payable to himself. Respondent was charged with theft and official misconduct, both Class D felonies, and later pled guilty as charged. Respondent has been under an order of interim suspension since October 7, 2015, as a result of his felony convictions. *See* Matter of Bean, 53 N.E.3d 402 (Ind. 2015).

The Commission charged Respondent with violating Indiana Professional Conduct Rule 8.4(b) by committing criminal acts that reflect adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer. Following a hearing, the hearing officer filed his report to this Court on June 14, 2016, concluding that Respondent violated Rule 8.4(b) as charged and recommending that Respondent be disbarred.

## Discussion and Discipline

No petition for review of the hearing officer's report or brief on sanctions has been filed. When neither party challenges the findings of the hearing officer, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." Matter of Levy, 726 N.E.2d 1257, 1258 (Ind. 2000). We concur in the hearing officer's findings of fact and conclude that Respondent violated Indiana Professional Conduct Rule 8.4(b).

As we have observed before, criminal action by an attorney in public office "strikes at the very heart of public trust in our institutions of government and the legal profession." Matter of White, 54 N.E.3d 993, 994 (Ind. 2016) (quoting Matter of Gutman, 599 N.E.2d 604, 609 (Ind. 1992)). Such misconduct consistently has resulted in disbarment or a substantial period of suspension without automatic reinstatement. *See, e.g.,* Matter of Philpot, 31 N.E.3d 468 (Ind. 2015) (following an interim suspension of over two years, suspending an elected county clerk convicted of theft and mail fraud for an additional four years without automatic reinstatement); Matter of Hughes, 640 N.E.2d 1065 (Ind. 1994) (disbarring a city court judge convicted of theft

and official misconduct); <u>Matter of Willardo</u>, 493 N.E.2d 466 (Ind. 1986) (disbarring an elected coroner convicted of theft for fraudulently diverting county funds into his campaign account).

We acknowledge Respondent's acceptance of responsibility, his efforts to address the ongoing gambling addiction underlying his misconduct, and his impassioned plea during proceedings before the hearing officer for a sanction short of disbarment. However, the seriousness of Respondent's misconduct, and Respondent's history of attorney and judicial discipline (the latter of which, significantly, also included willful misconduct in office),[1] compel us to agree with the hearing officer that disbarment is warranted in this case.

## Conclusion

The Court concludes that Respondent violated the Rules of Professional Conduct by committing crimes that reflect adversely on his honesty, trustworthiness, and fitness as a lawyer. Respondent already is under an order of interim suspension as well as a separate suspension order for nonpayment of dues. For Respondent's professional misconduct, the Court disbars Respondent from the practice of law in this state, effective immediately. Respondent shall fulfill all the duties of a disbarred attorney under Admission and Discipline Rule 23(26). The costs of this proceeding are assessed against Respondent, and the hearing officer appointed in this case is discharged.

All Justices concur.

---

[1] <u>Matter of Bean</u>, 756 N.E.2d 964 (Ind. 2001); <u>Matter of Bean</u>, 529 N.E.2d 836 (Ind. 1988).