


FILED
Nov 02 2023, 9:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 23S-DI-258

## In the Matter of
## Theodore E. Rokita,
*Respondent.*

---

Decided: November 2, 2023

Attorney Discipline Action

---

**Per Curiam Opinion**

Justices Massa, Slaughter, and Molter concur.
Chief Justice Rush and Justice Goff dissent.

**Per curiam.**

Respondent Theodore Rokita is, and at relevant times was, the Attorney General of Indiana. On July 13, 2022, Respondent appeared on a national television program to discuss an Indiana physician who had performed an abortion on a ten-year-old rape victim from Ohio. During that appearance Respondent described the physician as an "abortion activist acting as a doctor—with a history of failing to report."

Respondent admits, and we find, that he engaged in attorney misconduct by making this statement. This matter is before us on a disciplinary complaint the Indiana Supreme Court Disciplinary Commission filed and a conditional agreement the parties submitted to this Court pursuant to Indiana Admission and Discipline Rule 23(12.1)(b). Respondent's 1995 admission to this state's bar subjects him to this Court's disciplinary jurisdiction. We approve the parties' conditional agreement and their proposed discipline of a public reprimand.

# Procedural Background and Stipulated Facts

On July 1, 2022, a local news outlet published an article titled "Patients Head to Indiana for Abortion Services as Other States Restrict Care." The article referenced an Indiana physician who had performed an abortion on a ten-year-old Ohio child who was six weeks and three days pregnant.

On July 2, the physician submitted reports required by state law to the Indiana Department of Health (IDOH) and the Indiana Department of Child Services (IDCS). In the ensuing days, the Attorney General's office received seven complaints regarding the physician's termination of the Ohio child's pregnancy. None of the complainants were patients of the physician.

On July 11 and 12, staff members of the Attorney General's office requested records from IDOH and IDCS; and on July 12, the Attorney General's office notified the physician it was opening an investigation into six of the complaints. On July 13, Respondent appeared on a national television program to discuss the matter. After the program's host stated

that "from what we can find out so far, this Indiana abortion doctor has covered this up" and the doctor "has a history of failing to report child abuse cases," Respondent said:

> [T]hanks for having me on. But, I shouldn't be here, right.

> * * *

> Then we have the rape. And then we have this, uh, **abortion activist acting as a doctor—with a history of failing to report**. So, we're gathering the information. We're gathering the evidence as we speak, and we're going to fight this to the end, uh, including looking at her licensure if she failed to report. In Indiana, it's a crime, uh, for, uh, to not report—uh, to intentionally not report.

(Emphasis added).

The parties agree that, through his use of the phrase emphasized above, Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

> 3.6(a): Making an extrajudicial statement that a lawyer participating in the litigation or investigation of a matter knows or reasonably should know will be publicly disseminated and will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter.

> 4.4(a): Using means in representing a client that have no substantial purpose other than to embarrass, delay, or burden a third person.

In exchange for Respondent's admission to these two violations, the Commission has agreed to dismiss a third charged violation.

## Discussion and Discipline

The parties propose that Respondent receive a public reprimand for his misconduct. In assessing whether the proposed sanction is appropriate, we consider, among other things, the nature of the misconduct, the duties Respondent violated, any resulting or potential harm, Respondent's state of mind, our duty to preserve the integrity of the profession, and matters

in mitigation and aggravation. *Matter of Philpot*, 31 N.E.3d 468, 469 (Ind. 2015).

We issued public reprimands for misconduct of a similar nature in *Matter of Brizzi*, 962 N.E.2d 1240 (Ind. 2012), and *Matter of Litz*, 721 N.E.2d 258 (Ind. 1999). In *Brizzi*, a county prosecutor issued a press release after two suspects were charged with the murders of seven people. The press release stated, among other things, that the prosecutor "would not trade all the money and drugs in the world for the life of one person, let alone seven," the evidence was overwhelming, one defendant deserved the death penalty, and it would be a travesty not to seek the death penalty. In *Litz*, a criminal defense attorney representing a client facing a retrial for neglect of a dependent submitted letters to the editors of three local newspapers stating his client was innocent and had passed a lie detector test, and characterizing the State's decision to retry his client as "abominable."

Like the extrajudicial statements at issue in *Brizzi* and *Litz*, Respondent's statement was of a type rebuttably presumed to have a substantial likelihood of materially prejudicing an adjudicative proceeding[1] and did not fall within any of Professional Conduct Rule 3.6's "safe harbors." Respondent's statement additionally violated Professional Conduct Rule 4.4(a) because the statement had no substantial purpose, in connection with Respondent's legal representation of the State, other than to embarrass or burden the physician. *See Matter of Kyres*, 183 N.E.3d 299 (Ind. 2022) (approving an agreed public reprimand for a Rule 4.4(a) violation).

In a sworn affidavit attached to the conditional agreement, made under penalty of perjury, Respondent admits these two rule violations and acknowledges that he could not successfully defend himself on these two

---

[1] Although not specified in the conditional agreement, we note the Attorney General's office filed an administrative complaint with the Indiana Medical Licensing Board against the physician in November 2022, which was heard by the Board in May 2023. (Complaint at 6-7; Answer at 17, 21).

charges if this matter were tried. Respondent's acceptance of responsibility is a mitigating factor, as are his cooperation with the disciplinary process and his lack of prior discipline over a lengthy career. But that same length of experience also "counsels that he should have known better" than to conduct himself in the manner he did. *See Matter of Hill*, 144 N.E.3d 184, 196 (Ind. 2020). And Respondent's misconduct, which occurred on a national television program, had far greater reach than the statements made in a press release and to local newspapers in *Brizzi* and *Litz*, respectively.

"Whether extrajudicial statements of this sort warrant reprimand or suspension is fact sensitive." *Litz*, 721 N.E.2d at 260. Balancing the factors relevant to sanction in their entirety, a majority of the Court agrees with the parties that a public reprimand is appropriate in this case.

## Conclusion

The Court concludes that Respondent violated Indiana Professional Conduct Rules 3.6(a) and 4.4(a) by making an extrajudicial statement that had a substantial likelihood of materially prejudicing an adjudicative proceeding and had no substantial purpose other than to embarrass or burden the physician. For Respondent's professional misconduct, he is hereby publicly reprimanded.

The costs of this proceeding are assessed against Respondent. Pursuant to the parties' stipulation in their conditional agreement, the Court orders Respondent to pay $250.00 by check made payable and transmitted to the Clerk of the Indiana Supreme Court. The Clerk shall retain those funds in their entirety upon receipt. The parties further stipulate that the Commission's investigation costs under Admission and Discipline Rule 23(21)(a)(1) remain to be determined.

All Justices concur, except Rush, C.J., and Goff, J., who would reject the conditional agreement, believing the discipline to be too lenient based on the Respondent's position as Attorney General and the scope and breadth of the admitted misconduct.

ATTORNEYS FOR RESPONDENT

H. Christopher Bartolomucci

Schaerr | Jaffe LLP

Washington, DC

James J. Ammeen

Ammeen Valenzuela Associates LLP

Indianapolis, Indiana

ATTORNEYS FOR INDIANA SUPREME COURT
DISCIPLINARY COMMISSION

Adrienne L. Meiring, Executive Director

Stephanie K. Bibbs, Deputy Director of Litigation

Indianapolis, Indiana